**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

JAMES EDWARD SISCO, #410887,

       Petitioner,

v.                                              Case No. 2:06-CV-14173
                                              Honorable Nancy G. Edmunds
                                              Magistrate Judge Virginia M. Morgan

JAN E. TROMBLEY,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS
CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner, James Edward Sisco, is a state inmate currently incarcerated at Cooper Street Correctional Facility in Jackson, Michigan. Petitioner was convicted after he pled guilty in Ogemaw County Circuit Court of first-degree criminal sexual conduct, Mich. Comp. Laws §750.520b. He was sentenced to ten to thirty years' imprisonment.

Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. §2254. For the reasons that follow, the Court will deny the petition.

### I. BACKGROUND

At the plea proceedings, Petitioner admitted to engaging in oral sex with his thirteen year old step-daughter who was living with him and complainant's mother at the time.

Following Petitioner's conviction, he filed a motion for relief from judgment with the trial court, which was denied. Petitioner appealed the trial court's decision by filing a

delayed application with the Michigan Court of Appeals.  Relief was also denied.  *People v. Sisco,* No: 264117 (Mich. Ct. App. March 9, 2006).  Petitioner did not file an application for leave to appeal with the Michigan Supreme Court.  While Petitioner's appeal of the decision regarding his motion for relief from judgment was pending, he filed a *pro se* delayed application for leave to appeal his conviction with the Michigan Court of Appeals raising the following claim:

> I. Defendant's minimum sentence of 10 years, which exceeds the sentencing guidelines, is disproportionate, and therefore an abuse of discretion, and the judge failed to give adequate reasons for the departure.

A motion was filed to supplement Petitioner's delayed application by an attorney with the state appellate defender's office, which was granted, and the following additional claims were raised on appeal:

> I.  James Sisco is now entitled to direct appellate review with the assistance of court-appointed appellate counsel, a procedure that was previously unconstitutionally denied him.
>
> II.  Three guidelines offense variables were misscored.  The ten-year minimum sentence Judge Bergeron imposed would have been a departure above a correctly calculated sentencing range.  Mr. Sisco is entitled to resentencing.
>
> III. Under *Blakely v. Washington,* a sentencing court may not, consistent with a criminal defendant's Sixth Amendment right to [a] jury trial, increase the presumptive guidelines sentencing range on the basis of its own findings of fact to which the defendant did not admit, because that is what happened here, [James Sisco] must be resentenced.

The Michigan Court of Appeals denied Petitioner's delayed application "for lack of merit in the grounds presented."  *People v. Sisco,* No: 266474 (Mich. Ct. App. Jan. 23, 2006).

Petitioner then sought leave from the Michigan Supreme Court raising the same three issues presented before the Michigan Court of Appeals in Petitioner's supplemental

delayed application. Relief was denied "because we were not persuaded that the questions presented should be reviewed by this Court." *People v. Sisco,* 475 Mich. 888; 715 NW2d 893 (2006)(table).

Petitioner has now filed a *pro se* petition for writ of habeas corpus raising the following claims:

> I. Sentencing judge failed to state substantial and compelling reasons for exceeding guideline range.
>
> II. Facts [were] not proven before a jury though relied on by sentencing judge to increase guideline range.
>
> III. Three guideline offense variables were misscored imposing a departure above correctly calculated guidelines. An offense variable should be scored only with respect to the specific transaction.

## II. STANDARD

Petitioner is not entitled to the writ of habeas corpus unless the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's

3

decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

### III. DISCUSSION

### A. Petitioner's Sentence

Petitioner's habeas claims attack the legality of Petitioner's sentence. Petitioner alleges that: (1) several offense variables of the state sentencing guidelines were incorrectly scored, (2) the trial court exceeded the sentencing guidelines without providing substantial and compelling reasons, and (3) he was sentenced on the basis of facts not objectively verifiable or determined by a jury. The state court's alleged misinterpretation of the Michigan sentencing guidelines is a matter of state concern only. *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (citing *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir. 1991)). Therefore, Petitioner's challenge to the scoring of the state sentencing guidelines fails to state a claim for which habeas relief may be granted. *Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241).

Petitioner's only constitutional claim regarding his sentencing is that the trial court violated his right to due process of law by its use of facts not determined by a jury. Petitioner's argument is based on *Blakely v. Washington*, 542 U.S. 296 (2004); however, the Sixth Circuit has held that *Blakely* does not apply to Michigan's indeterminate

4

sentencing scheme. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007), *cert. denied*, __ U.S. __, 128 S. Ct. 1898 (2008). Therefore, Petitioner is not entitled to relief on the basis of his *Blakely* claim, and the court will deny his habeas petition with respect to this claim.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that Petitioner does not present any claims upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

## V. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the petition for a writ of habeas corpus [Dkt. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 29, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 29, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

6